[Docket Entry No. 26 ]

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

_____ :
                                  :
FRANCIENNA B. GRANT,              :
                                  :  Civil Action No. 08-3093 (RMB)
            Plaintiff,            :
                                  :  **MEMORANDUM AND ORDER**
        v.                        :
                                  :
OMNI HEALTH SYSTEMS OF            :
NEW JERSEY, et al.,               :
                                  :
            Defendants.           :
_____ :


    This matter comes before the Court upon the plaintiff's (the "Plaintiff") motion for costs and attorney's fees she incurred as a result of the defendants' (the "Defendants") improper removal. (The facts underlying this matter and the Court's reasons for the remand are known to the parties, and thus the Court will not recite them here.)  The Court does not need the benefit of the Defendants' response (presumably, opposition) because it finds the Plaintiff's request to be without merit.

    In light of the Plaintiff's simultaneous prosecutions of a federal complaint and a state complaint, Defendants relied, by analogy, upon the "other paper" language in 28 U.S.C. § 1446(b) to remove the state action to this Court.  Defendants relied upon Doe v. American Red Cross, 14 F.3d 196 (3d Cir. 1993), and they

agreed at the time of oral argument that this particular application of Doe was a case of first impression.

The Supreme Court stated in Martin v. Franklin Capital Corp., 546 U.S. 132 (2005), that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c)[1] only where the removing party lacked any objectively reasonable basis for seeking removal," but that "when an objectively reasonable basis exists, fees should be denied." Id. at 141. The objective reasonableness standard is intended to balance two statutory goals: "deter[ing] removals sought for the [p]urpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id. at 140.

Courts in this circuit have awarded "costs, expenses, and attorneys' fees where the complaint clearly does not state a claim removable to federal court or where minimal research would have revealed the impropriety of removal." Newton v. Tavani, 962 F.Supp. 45, 48 (D.N.J. 1997) (internal citations omitted).

This Court does not find that Defendants lacked an "objectively reasonable basis for seeking removal," Martin Franklin, 546 U.S. at 141, which would have been evident upon the

---

[1] Although Plaintiff does not cite to section 1447 in her papers, this is the statutory provision that applies in this case.

2

performance of "minimal research," <u>Tavani</u>, 962 F.Supp. at 48. Indeed, by Plaintiff's own submission, counsel spent several hours researching the legal argument Defendants had relied upon in removing this matter.  Accordingly, because Defendants presented an objectively reasonable basis for seeking removal, the Court will deny the motion.

It is on this **<u>26th</u>** day of **<u>January</u>** 2009, **ORDERED** that Plaintiff's motion be and is hereby **DENIED**.

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
United States District Judge

3